UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS
(Eastern Division)

| | |
|---|---|
| _____ ) | |
| In re: ) | |
| ) | |
| CARL WILLIS ) | CHAPTER 13 |
| ) | CASE NO. 14-11545 |
| Debtor. ) | |
| _____ ) | |

**MOTION FOR RELIEF FROM AUTOMATIC STAY
WITH REQUEST FOR EMERGENCY DETERMINATION**

David A. Rosengard and Tappan Management, LLC (collectively, the "Lender") holder of a mortgage secured by property known and numbered as 81 Devon Street, Boston, Massachusetts (the "Property") moves that it be granted relief from the automatic stay pursuant to 11 U.S.C. §§362(d)(1), (2) and 1301(c) of the United States Bankruptcy Code (the "Bankruptcy Code"), Fed. R. Bank. P. 4001(a)(1) and 9014 of the and MLBR 4001-1 and 13-16-1 in order that the Lender, its successors and assigns, may proceed to exercise any and all rights and remedies under the Loan Documents with respect to the Property, including without limitation, conducting a foreclosure sale of the Property under the mortgage held by the Lender and applicable Massachusetts law.

This Motion is requested on an emergency basis pursuant to MLBR 9013-1(g) as the Property is an unoccupied vacant building in an area prone to high crime and the due to the failure of the Debtor to allow an interior inspection of the property, the insurance on the property is scheduled to be cancelled on April 26, 2014. Additionally, on the day of the foreclosure sale, the borrower transferred the property for nominal consideration to the Debtor, an unrelated third

party, in an effort delay the foreclosure sale and the Lender continued the foreclosure sale to April 30, 2014 at 1 p.m.

In further support of its Motion, the Lender states the following:

**Background**

1. By a Deed dated October 5, 2012, the, Marc Gordon ("Mr. Gordon"), as manager of the 81 Devon Street LLC conveyed the Property to himself, individually, for a stated consideration of $172,000. As evidence of said conveyance, a deed was recorded with the Suffolk County Registry District of the Land Court (the "Registry") as Document No. 809486 and a copy is attached as Exhibit "A."

2. On October 5, 2012, Mr. Gordon executed a certain Note (the "Note") in an original amount of $285,000 to the Lender. A copy of the Note is attached as Exhibit "B."

3. The Note indicated that the sum of $285,000 was due on or before April 4, 2013 (the "Maturity Date").

4. As security for the Note, on October 5, 2012 Mr. Gordon granted a Commercial Real Estate Mortgage (the "Mortgage") in favor of the Lender on the Property. The Mortgage was recorded with the Registry as Document No. 809488 a copy of which is attached as Exhibit "C."

5. As a result of Mr. Gordon's failure to pay the balance of the loan by the Maturity Date, the Note was in default and on November 14, 2014, the Lender commenced an action in the Land Court pursuant to the Servicemembers' Civil Relief Act.

## **The Multiple Conveyances of the Property**

6.      The Debtor and Mr. Gordon have repeatedly transferred the Property back and forth to each other in an elaborate shell game to avoid foreclosure of the Mortgage and payment of the Note.

7.      On December 24, 2013, days before the return date in the Servicemembers' Action, Mr. Gordon conveyed the Property to Carl Willis ("Mr. Willis" or the "Debtor") for nominal consideration. Said deed was recorded with the Registry as Document No. 827414, a copy of which is attached as Exhibit "D."

8.      On January 8, 2013, the Lender informed all necessary parties that a Foreclosure Sale would take place on February 3, 2014.

9.      On February 3, 2014, the foreclosure sale was orally postponed until March 4, 2011 and postponed again on March 4th to April 7, 2014.

10.     On March 6, 2014, Mr. Willis conveyed the Property back to Mr. Gordon for a stated consideration of $100.00 by deed recorded with the Registry as Document No. 829026. A copy of said deed is attached as Exhibit "E."

11.     On April 7, 2014 the day of the scheduled foreclosure sale the Property was conveyed again by Mr. Gordon to Mr. Willis for less than $100.00 which deed was recorded with the Registry as Document No. 829968, a copy of which is attached as Exhibit "F."

12.     On April 7, 2014, Mr. Willis filed the instant Chapter 13 case commencing the instant action.

### The Lack of Insurance on the Property

13. Mr. Gordon has a history of failing to keep his insurance on the Property current. Since January, 2013, the Lender has received 6 notices of cancellations for non-payment from the property insurer.

14. On March 24, 2014, the Lender was informed that the property insurance would be cancelled effective April 26, 2014 for failing to allow an interior inspection of the Property. A copy of said notice is attached as Exhibit "G."

15. Additionally, as Mr. Gordon no longer owns the Property, it is not clear that the currently insurance policy would cover any damage to the Property as Mr. Gordon, not the Debtor, is the named insured under the Policy.

### The Lender's Secured Claim and the Value of the Property

16. As of the Petition Date, the total amount due under the Note was $plus continuing interest, costs and attorney fees. The amount is calculated as follows:

| | |
|---|---|
| Unpaid Principal: | $269,000.00 |
| Outstanding Interest: | $70,313.10 |
| Late Fees: | $13,550.88 |
| Legal Fees and Costs: | $9,019.41 [1] |
| Total Due as of Petition Date | $361,888.39 |

17. There is no additional collateral securing the Note.

18. According to the Debtor's Schedule A, the value of the Property is $150,000.

19. The Lender states that the liquidation value of the Property is approximately $240,000.

---

[1] Approximate amount as of April 11, 2014. Legal fees and costs continue to accrue.

Case 14-11545    Doc 9    Filed 04/15/14    Entered 04/15/14 14:02:19    Desc Main
              Document       Page 5 of 7

20. As set forth more particularly on Official Local Form 13 (Real Estate Worksheet), attached hereto as Exhibit "H", there are no other recorded liens on the Property, but according to the Boston Tax Collector, $7,880.15 is currently owed to the City of Boston for real estate taxes.

21. The total amount of liens secured by the Property is $369,763.54 plus continuing interest, costs and attorneys' fees owed on the Note.

22. According to the Boston Water and Sewer Commission, the Property is a vacant building as the Property has not had any water or sewer charges since 2011. A copy of the recent charges to the Property from the Boston Water and Sewer Commission is attached as Exhibit "I."

23. The Lender is not aware of any recorded Declaration of Homestead and has not taken any exemptions on his Bankruptcy Schedules.

24. The Debtor has no equity in the Property and as the Debtor is not liable on the Note and Mortgage, the Property is not necessary for an effective reorganization.

25. The Debtor's Schedules do not list any other assets or debts.

26. As of the filing of this Motion, the Debtor has not made any post-petition payments to The Lender.

## **LEGAL ARGUMENT**

27. In pertinent part, 11 U.S.C. § 362(d)(l) - (d)(2) provide that:

> On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section.
>
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2) with respect to a stay of an act against property under subsection (a) of this section, if—

        (A) the Debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization

28.    The Debtor has failed to timely make payments under the Note and Mortgage and the Lender's claim is significantly undersecured. Accordingly, the Lender lacks adequate protection of its interest in the Property and the Court should grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1).

29.    The Debtor and/or borrower have failed to maintain insurance on the Property and therefore and the Court should grant relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) for cause.

30.    Additionally, as the Debtor is not liable on the Note and Mortgage and does not list any other creditors in his bankruptcy schedules, the Property is not necessary for an effective reorganization. The Lender is, therefore, entitled to relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(2) as there is no equity in the Property and the Property is not necessary to an effective reorganization of the Debtor.

        WHEREFORE, The Lender respectfully requests that this Court enter an Order:

(i).    Granting the Lender relief from the automatic stay in order that the Lender, its successors and assigns, may proceed to exercise any and all rights and remedies under the Loan Documents with respect to the Property, including without limitation, conducting a foreclosure sale of the Property under any mortgages held by the Lender and applicable Massachusetts law;

(ii)    Waiving the 14 day stay pursuant to Fed. R. Bank. P. 4001(a)(3); and

(iii)    Granting such further relief as the Court deems just and proper.

               David A. Rosengard and Tappan Management, LLC
               By their attorneys,

DATED: April 15, 2014       /s/ Lauren A. Solar
               Lauren A. Solar BBO #657289
               Bartlett Hackett Feinberg P.C.
               155 Federal Street, 9th Floor
               Boston, MA 02110
               Tel: (617) 422-0200
               Fax: (617) 896-6274
               las@bostonbusinesslaw.com

## CERTIFICATE OF SERVICE

  I, Lauren A. Solar, hereby certify that on April 15, 2014 I served a copy of the pleadings filed herewith on the individuals below via ECF or first class mail:

John Fitzgerald: USTPRegion01.BO.ECF@USDOJ.GOV

Carolyn Bankowski-13: 13trustee@ch13boston.com

               /s/ Lauren S. Solar
               Lauren A. Solar

**Via Overnight Mail:**

Carl Willis        City of Boston
81 Devon Street      One City Hall Square
Dorchester, MA 02121    Boston, MA 02110

Marc Gordon
163 Hillside Street
Boston, MA 02120